**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                              NO.  4:07CR00197 JLH

HERBERT LOREN REEVES                                                                    DEFENDANT

**OPINION AND ORDER**

Herbert Loren Reeves has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asks that the Court vacate his conviction, dismiss the case, and order the Bureau of Prisons to release him. Reeves contends that the prosecutor lacked jurisdiction to prosecute the case, the Court lacked jurisdiction to hear the case, the probation office lacked jurisdiction to prepare a presentence report, his attorney was ineffective, and his plea of guilty was not a knowing and voluntary plea. For the reasons stated hereinafter, Reeves's petition is denied.

Reeves was indicted on three counts. Count One charged that in the Eastern District of Arkansas Reeves knowingly and intentionally manufactured with intent to deliver marijuana by cultivating more than one hundred marijuana plants in violation of 21 U.S.C. § 841(a)(1). Count Two charged that in the Eastern District of Arkansas Reeves knowingly and in furtherance of a drug trafficking crime possessed at least one firearm in violation of 18 U.S.C. § 924(c)(1). Count Two listed ten firearms that Reeves allegedly possessed. Count Three charged that Reeves had previously been convicted of a felony in the Western District of Arkansas, *i.e.*, conspiracy to distribute marijuana and of distributing marijuana, and that after conviction of that felony he possessed a firearm in violation of 18 U.S.C. § 922(g)(1). The ten firearms were again listed as firearms that Reeves allegedly possessed. In addition to the three counts, the indictment contained a forfeiture allegation in which the United States sought to forfeit the ten firearms.

Reeves reached a plea agreement with the government pursuant to which he entered a guilty plea to Count One of the indictment and forfeited the ten firearms. As a part of the plea agreement, Counts Two and Three were dismissed. Reeves was sentenced to sixty months imprisonment, four years of supervised release, and a $100 special assessment. The term of imprisonment was the statutory minimum. 21 U.S.C. § 841(b)(1)(B)(vii). No direct appeal was taken. Reeves's § 2255 petition is timely.

As noted above, Reeves entered a plea of guilty to Count One. A defendant who pleads guilty admits all of the factual allegations made in the indictment. *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988). A guilty plea waives all challenges that do not relate to jurisdiction. *Id*. "In order to establish a jurisdictional defect, [the defendant] must show that the indictment on its face fails to state an offense." *Id*. A valid guilty plea forecloses an attack on a conviction unless the record shows on its face that the court lacked the power to enter the conviction or impose the sentence. *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997). If the validity of a guilty plea is not challenged on direct appeal, a claim that the plea was invalid is waived. *United States v. Apker*, 174 F.3d 934, 938 (8th Cir. 1999). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir.), *cert. denied*, 404 U.S. 864, 92 S. Ct. 53, 30 L. Ed. 2d 108 (1971). When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, "the occasion for setting aside a guilty plea should seldom arise." *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971).

Reeves has failed to show that the indictment on its face fails to state an offense or that the Court had no power to enter the conviction or sentence. The indictment alleges that Reeves

committed three federal offenses in the Eastern District of Arkansas.[1] The indictment alleges the essential elements of each of those offenses. Reeves's argument amounts to a claim that his conduct should have been prosecuted in state court, not federal court. That argument overlooks the principle that an act may be criminal under the laws of both the state government and the federal government. *Westfall v. United States*, 274 U.S. 256, 258, 47 S. Ct. 269, 71 L. Ed. 2d 1036 (1927). "[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260 U.S. 377, 382, 43 S. Ct. 141, 142, 67 L. Ed. 314 (1922). The arguments made by Reeves that the prosecutor, the Court, and the probation office lacked jurisdiction in this case are without merit.

Reeves alleges that his lawyer was ineffective in several respects. Allegations of ineffective assistance of counsel ordinarily are brought in a § 2255 petition, not on direct appeal. *United States v. Anderson*, 570 F.3d 1025, 1032 n.4 (8th Cir. 2009). To show ineffective assistance of counsel in the context of a guilty plea, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors he would not have entered a guilty plea and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

Some of Reeves's allegations of ineffectiveness relate to his contention that the Court and the prosecutor acted without jurisdiction. Reeves contends that his attorney was ineffective for failing to assert those arguments by motion. Those arguments were and are without merit. Failing to assert those arguments was not unreasonable nor did that failure prejudice Reeves.

---

[1] It was established at the change of plea hearing that the offenses were committed in Van Buren County, Arkansas, which is in the Eastern District of Arkansas. *See* 28 U.S.C. § 83.

Several of Reeves's allegations claim that Reeves's attorney failed to move to suppress the evidence against him. The facts established at the change of plea hearing show that a motion to suppress would have had no merit. The Assistant United States Attorney told the Court during the plea hearing that law enforcement officers investigating in a rural area near the Little Red River found a plot of more than two hundred marijuana plants that apparently were under cultivation. The officers installed a camera. They later saw a truck with a license plate registered to Reeves near the plot. Reeves came to the truck walking from the direction of the plot while wearing a holster with a .22 pistol. He said that he had been fishing, and the officers let him go, not realizing that he was a convicted felon for whom possession of a firearm was a felony. The officers then went to the plot, checked the camera, and saw that the camera showed Reeves tending to the plants. The officers then obtained a search warrant and searched his house, where they found another thirty-one marijuana plants, along with the ten guns. Reeves was given his Miranda warnings and then admitted growing the plants to supplement his income. Reeves confirmed at the change of plea hearing that these facts stated by the Assistant United States Attorney were true. Based on these admitted facts, no motion to suppress would have had merit. Failing to file a motion to suppress was not unreasonable and did not prejudice Reeves.

Reeves alleges that his lawyer was ineffective for failing to negotiate a favorable plea agreement, but the record contradicts that allegation. As noted above, the admitted facts established that Reeves was wearing a pistol while he tended to the marijuana plants. Thus, he possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The penalty for that crime includes a term of imprisonment of not less than five years consecutive to the term of imprisonment for the drug trafficking crime. *United States v. Rush-Richardson*, 574 F.3d 906, 910-11 (8th Cir. 2009). As noted above, the drug trafficking charge in Reeves's case carried a minimum

term of imprisonment of five years, which meant that Reeves faced two consecutive mandatory minimum sentences of five years for a total mandatory minimum sentence of ten years. Again, the admitted facts established Reeves's guilt to both charges. The plea agreement eliminated one-half of the mandatory sentence. There is no reason to believe that any lawyer could have negotiated a better plea agreement for Reeves. Nothing in the record shows that the representation provided to Reeves during plea negotiations was deficient or that a better result could have been obtained. The record does not show that counsel made errors or that but for counsel's errors Reeves would have gone to trial. It was clear at the change of plea hearing and the sentencing that Reeves was eager to avoid trial.

Reeves alleges that his lawyer was ineffective in failing to file his full medical record so the Court could consider his health as a mitigating factor at sentencing, but he does not specify any information that was not reported in the presentence report, which describes Reeves's medical condition in detail. The count of conviction, as mentioned above, carried a mandatory minimum sentence of five years, and Reeves was sentenced to a term of five years imprisonment. Additional medical information would not have resulted in a lesser sentence because Reeves received the minimum sentence permitted under the statute of conviction.

One of the contentions that Reeves makes is that he requested his lawyer to file a timely notice of appeal but she failed to do so. A lawyer's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). A showing of actual prejudice is not necessary. *Id*. Nevertheless, the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary. *Id*.

The government has submitted the affidavit of Reeves's defense attorney in which she describes with some detail each contact that she had with Reeves or Reeves's wife between the date of sentencing and the date of her affidavit. She states that at no time during the sentencing hearing did Reeves make any statements regarding his right of appeal or requesting that he be allowed to appeal. She also states that the subject of an appeal was never mentioned during any of the ongoing contact that she had with Mr. or Mrs. Reeves.

Reeves's statements in his § 2255 petition are not credible. At the sentencing hearing, the Court asked Reeves if he was satisfied with the work that his lawyer had done for him and specifically whether he was satisfied with the advice that she had given him regarding pleading guilty. He answered, under oath, that he was very satisfied. The Court specifically questioned Reeves about that issue because he had previously written a letter complaining of his attorney. Reeves told the Court under oath that he had talked to his lawyer several times since writing the letter and that he was one hundred percent satisfied with her representation of him. The Court revisited the issue at the sentencing hearing, and Reeves again told the Court that he was satisfied in all respects with the representation that had been provided to him by his lawyer. Reeves has now filed a § 2255 petition in which he directly contradicts the statements that he made to the Court under oath on two occasions. Reeves now alleges that his lawyer coerced him into entering into the guilty plea, but at the change of plea hearing he told the Court, again under oath, that he was making the plea voluntarily and of his own free will. Reeves alleges in his § 2255 petition that his lawyer failed to advise him that he had a right to file a timely notice of appeal, but at the sentencing hearing the Court advised him of his right to appeal. Except with respect to his allegation that he requested his lawyer to file a notice of appeal and she failed to do so, all of Reeves's allegations of ineffective assistance of counsel are contradicted by his statements to the Court under oath at the change of plea

6

hearing and the sentencing hearing. His statements that he was not informed of his right to appeal are contradicted by the fact that the Court informed him of his right to file a notice of appeal and explained to him that the Clerk of the Court would prepare and file a notice of appeal for him if he requested. The fact that Reeves has made contradictory statements to the Court under oath – first in the change of plea hearing and in the sentencing hearing, and then in his § 2255 petition – renders his allegations that he requested his lawyer to file a notice of appeal less than credible. Nothing in the record agrees with, supports, or corroborates Reeves's allegation in any way. His self-serving statement is insufficient to show that he requested his attorney to file a notice of appeal. *Cf. Rodriguez v. United States*, 964 F.2d 840, 841-42 (8th Cir. 1992); *Holloway v. United States*, 960 F.2d 1348, 1358 (8th Cir. 1992).

## CONCLUSION

Because Reeves entered a plea of guilty and did not appeal, he waived all of his arguments other than jurisdictional arguments and allegations that his lawyer was ineffective. The Court has jurisdiction over Reeves's case. Reeves's allegations that his lawyer was ineffective before sentencing are contradicted by his statements under oath at the change of plea hearing and the sentencing hearing that he was completely satisfied with the work that his lawyer had done for him. Those allegations are conclusory allegations unsupported by the record and insufficient to create a genuine issue of fact in the face of contradictory evidence in the record. *See Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (a petition may be dismissed without a hearing if the allegations cannot be accepted as true because they are contradicted by the record, inherently contradictory, or conclusions rather than statements of fact). Reeves's allegation that he requested his lawyer to file a notice of appeal is contradicted by the lawyer's affidavit and is unsupported by anything in the record. Reeves's statement lacks credibility. The Court does not believe that he

requested his lawyer to file a notice of appeal.  For all of these reasons, Reeves's § 2255 petition is DENIED.  Document #41.

      IT IS SO ORDERED this 23rd day of October, 2009.

                                                  _____
                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT JUDGE